WILLIAM ZAKUTYNSKI, RESPONDENT, v. MARY LIVESE, APPELLANT.

Submitted January 27, 1928—Decided May 3, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellant, *Charles W. Broadhurst.*

For the appellee, *J. S. T. Stranahan Ely.*

PER CURIAM.

This was an action for labor and materials furnished and delivered for various prices of work performed by appellee for appellant.

The total demand was $608.26, of which all above $500 was waived. There was a counter-claim for $495 for defective work. The judgment is in favor of appellee for $364.95, being the amount of his claim of $500, less $135.05 under appellant's counter-claim.

The cause was heard and determined by the judge of the District Court, sitting without a jury.

We are asked to reverse and set aside this judgment:

1. Because it was error to admit into evidence certain bills against the appellee marked *Exhibit P1* to *P7,* for the reasons—

(*a*) They were hearsay.

(*b*) The prices charged were not proven to be reasonable.

(*c*) Because being in excess of $500, the transaction is in violation of the statute of frauds.

(*d*) They are irrelevant, immaterial and incompetent.

We think the admission of these bills was not error. The mere introduction of them with nothing more would have been error and would have transgressed the rule against hearsay and self-serving evidence, but here they were used much as a book or memorandum of account, the items testified to having been purchased and used in and about the work of appellant and that the prices charged were reasonable. This we think took them out of the prohibited rule. The statute of frauds was not violated, because, and if for no other reason, none of the bills amounted to the sum of $500.

2. Because there was no legal evidence to support the judgment. We find, however, that there was legal evidence supporting it.

3. Because certain evidence respecting the breaking of a sidewalk was hearsay and the court erred in refusing to strike it out.

No doubt this evidence was based upon hearsay, but it was all brought out by the attorney for the appellant upon cross-examination, and while, notwithstanding this, it very properly should have been stricken out by the trial judge, yet we do not find it to have been error prejudicial to appellant not to have done so.

4. Because the court erred in inspecting only one of the premises after electing to inspect the entire work.

This does not appear to be so. The trial judge spoke of it as "the job," referring to the garage on Jackson avenue, Rutherford. That was inspected, and furthermore there is nothing showing that the balance of the work was not inspected.

The judgment below is affirmed.